Jeremiah Friedman
Kaplan, O'Sullivan & Friedman LLP
10 Winthrop Square, 3rd floor
Boston, MA 02110
BBO# 548031

**Attorney for Plaintiff**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Tariq FAROOQ (A79 673 857) | ) |
|     Plaintiff | ) |
| v. | ) |
| Alberto GONZALES<br>Attorney General of the United States; | ) |
| Michael CHERTOFF<br>Secretary, Department of Homeland Security; | ) |
| Emilio GONZALEZ<br>Director, United States Citizenship and<br>Immigration Services; | ) |
| Denis RIORDAN<br>District Director, United States Citizenship and<br>Immigration Services | ) |
| Robert MUELLER, III<br>Director, Federal Bureau of Investigations | ) |
|     Defendants | ) |

**PETITION FOR HEARING ON NATURALIZATION APPLICATION
PURSUANT TO 8 USC §1447(b)**

## INTRODUCTION

1. Plaintiff is a lawful permanent resident of the United States who is statutorily eligible to become a naturalized U.S. citizen. His application has been unlawfully delayed by the defendants since July 6, 2006. As a consequence, this Court has jurisdiction to adjudicate the Plaintiff's naturalization application and to grant him citizenship pursuant to 8 USC §1447(b).

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this claim pursuant to 8 USC §1447(b) (jurisdiction over naturalization petition), 28 USC section 1331 (federal question jurisdiction), 28 USC section 2201 (declaratory judgement) and USC section 701 (Administrative Procedures Act).

3. Venue is proper in this district pursuant to 28 USC section 1391(e) and 8 USC §1447(b) because the Plaintiff resides within the Commonwealth of Massachusetts.

## PARTIES

4. The Plaintiff is a lawful permanent resident of the United States who has been a lawful permanent resident of the United States for five years. He is married to a U.S. citizen and resides with him in Braintree, Massachusetts with their 3 U.S. citizen children.

5. Defendants are the Attorney General of the United States, the U.S. Secretary of the Department of Homeland Security (DHS), the U.S. Citizenship and Immigration Services (USCIS) District Director for the Boston, Massachusetts District, and the

Director o the Federal Bureau of Investigations (FBI). The Attorney General, the DHS and the USCIS are responsible for adjudicating naturalization applications under the Immigration and Nationality Act (INA), and its implementing regulations. *See, e.g.,* 8 USC Section 1421, 8 CFR Section 310, and 8 CFR Section 316.3. The FBI is the agency responsible for completing the background checks into each naturalization applicant, and for communicating the results of its checks to the USCIS/DHS. The defendants are sued in their official capacity.

## FACTS

6. The Plaintiff is a native and citizen of Pakistan and has been a lawful permanent resident of the United States since July 18, 2002. He obtained his residency through a petition filed by his wife, Ambreen Jafri, a U.S. citizen. The Plaintiff is a computer engineer who originally entered the U.S. in H-1B visa status. He has never been "out of status" with the immigration authorities. Currently Plaintiff is self-employed.

7. Plaintiff filed his petition for naturalization on June 20, 2005. He was originally scheduled for an interview on his naturalization application on November 2, 2005. However, Citizenship & Immigration Services cancelled that appointment with no explanation. He was rescheduled for an interview on July 7, 2006. The Plaintiff was interviewed by CIS Officer H. Kapaniris who informed him that he had passed the tests of English Language and U.S. History and Government. Officer Kapaniris also informed Plaintiff that a final decision could not be made because the government had not completed the background checks it performs on all naturalization applicants

8. Almost a year has passed since the date of Mr. Farooq's interview. During that period, he has inquired as to the status of his application numerous times. He has contacted the National Information Center and the Citizenship and Immigration Services office in Boston. Mr. Farooq has contacted his Congressman as well as Senators Kenney and Kerry to assist in resolving his case. All inquiries result in the CIS informing the Plaintiff that his background investigation remains open.

## CLAIMS FOR RELIEF

9. INA section 336(b); 8 USC §1447(b) provides jurisdiction to the federal district courts over naturalization applications which the USCIS has failed to adjudicate within 120 days of the date upon which the applicant appeared before a USCIS officer for an interview in connection with his application. That section provides specifically that,

> If there is a failure to make a determination under [INA] section 335; [8 USC §1446] before the end of the 120-day period after the date on which the examination is conducted under such section, the applicant may apply to the United States District Court for the District in which the applicant resides for a hearing on the matter. Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions to the Service to determine the matter.

10. The Defendants' failure to adjudicate the Plaintiff's application within the statutory 120-day period entitles the Plaintiff to bring this matter to this Court for adjudication of his claim to citizenship. 8 USC §1447(b).

11. The Plaintiff seeks a *de novo* judicial determination of his naturalization application and a grant of naturalization from this Court. In the alternative, the Plaintiff seeks a remand with instructions to the DHS and FBI to complete all required background checks within

10 days of the Court's order, and with instructions to the USCIS to adjudicate the Plaintiff's naturalization application within 15 days of the Court's order.

WHEREFORE, Plaintiff respectfully requests that this Court:

1) Grant this petition, enter a judgment granting the Plaintiff's naturalization application, and swear him in as a naturalized United States Citizen;

2) In the alternative, remand the application with instructions that the FBI complete all required background checks within 10 days of the Court's order, and that the USCIS adjudicate the application within 15 days of the Court's order;

3) Grant attorney's fees and costs under the Equal Access to Justice Act and any other appropriate authority;

4) Grant any other relief, which the Court deems appropriate.

Respectfully submitted this __7th__ day of June __, 2007,


/S/Jeremiah Friedman
Attorney for Tariq Farooq


Kaplan, O'Sullivan & Friedman, LLP
10 Winthrop Square, 3rd floor
Boston, MA 02110
(617) 482-4500
BBO# 548031

## CERTIFICATE OF SERVICE

I, Jeremiah Friedman, hereby certify that the enclosed documents, with all attachments, were served by certified mail upon:

>Alberto Gonzales
>U.S. Attorney General
>U.S. Department of Justice
>950 Pennsylvania Avenue, NW
>Washington DC 20530-0001

>Emilio T. Gonzalez, Director
>United States Citizenship and Immigration Services
>425 I Street, N.W.
>Washington D.C. 20536

>Office of the General Counsel
>U.S. Department of Homeland Security
>Washington DC 20258

>Denis Riordan, Director
>United States Citizenship and Immigration Services
>JFK Federal Building
>15 New Sudbury Street
>Boston, MA 02203

>Michael Chertoff, Secretary of Homeland Security
>United States Department of Homeland Security
>Nebraska Avenue Center, N.W.
>Washington, D.C. 20508

>Robert Mueller III,
>Director, Federal Bureau of Investigations
>c/o Federal Bureau of Investigations
>Office of General Counsel
>935 Pennsylvania Avenue, NW, Room 7427
>Washington DC 20535

>Director, Federal Bureau of Investigations
>One Center Plaza, Suite 600
>Boston, MA 02108

>United States Attorney's Office
>John Joseph Moakley U.S. Courthouse
>1 Courthouse Way
>Boston MA 02210

Department of Homeland Security
Office of Chief Counsel
JFK Federal Building, room 425
15 New Sudbury Street
Boston, MA 02203

this __2__ day of ~~August, 2003~~ June, 2007    _/s/ Jeremiah Friedman_
                                                   Jeremiah Friedman

JF\Farooq.Ta.Pet.Hrng